IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| AMY CLARK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BACKGROUNDCHECKS.COM LLC,<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Amy Clark ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant Backgroundchecks.com LLC ("BCC") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.　This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2.　The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant has produced and sold consumer reports concerning Plaintiff's background that wrongfully reported a disparaging criminal history that does not belong to Plaintiff, including that Plaintiff was guilty of multiple DUI's and endangering the welfare of a child.

6. As a result of BCC's wrongful reporting, Plaintiff was damaged by, without limitation, suffering harm to her employment qualifications, loss of income, defamation and considerable stress, anguish and humiliation.

**PARTIES**

7. Plaintiff is a natural person and resident of the State of North Carolina and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant Backgroundchecks.com LLC is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant is a Delaware corporation that maintains its primary place of business in Nashville, Tennessee.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of North Carolina, and violated Plaintiff's rights under the FCRA in the State of North Carolina as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. On or around December 2022, Plaintiff applied for a position with a Pizza Hut franchise owned by Daland Corporation ("Daland"). As part of her application, Plaintiff agreed to submit to a background check provided by Defendant as Daland's vendor to assess her employability.

12. To her surprise, on December 17, 2022, Plaintiff received a letter from Daland notifying her the background check results "[did] not conform with our requirements" and asserting that she did not provide accurate records of her criminal background.

13. The report provided to Daland by Defendant, completed on or around December 17, 2022, included a number of criminal entries purportedly associated with Plaintiff, all arising from the Pennsylvania courts. These included convictions for impaired driving, endangering the welfare of children, possession of drug paraphernalia and more.

14. Plaintiff was confused, embarrassed and horrified because none of these damaging criminal reports are attributable to her. Plaintiff was not, and in no way is, the individual associated with these criminal cases.

15. Horrified that this disparaging information had been wrongfully associated with her and affected her employment opportunity with Daland, Plaintiff reached out to Daland to clarify that this information was being wrongfully reported as associated with her, and that she was not the individual convicted of these terrible charges.

16. Fortunately, Daland was understanding of Plaintiff's predicament, but Plaintiff was nonetheless distraught that such denigrating information had been associated with her to her new employer.

17. Because of the inaccurate information provided to Daland by Defendant, Plaintiff was delayed in beginning her employment for several weeks.

18. As a direct result of Defendant's inaccurate reporting, Plaintiff lost out on the much-needed income that she desperately needed at that time. In fact, Plaintiff came dangerously close to losing her house as a result of the delay in her employment, causing significant distress.

19. As a direct result, Plaintiff has also suffered emotional distress and frustration, including humiliation by the defamatory sharing of false and derogatory information that is in no way associated with her, the ensuing financial hardship, stress, and feelings like she has been represented as a criminal person.

20. It is patently inaccurate and/or materially misleading to report various criminal convictions on Plaintiff's consumer report when she was not the individual convicted of those crimes.

21. Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's criminal record on her background report, Plaintiff would not have been delayed her employment with Daland.

22. Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

23. Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting more information is more profitable than reporting less and potentially leaving information off of a consumer report.

24. For example, upon information and belief, Defendant allowed a different individuals criminal history to appear on Plaintiff's consumer report without first confirming the accuracy with the actual court records, which are readily and publicly available.

25. Defendant regularly seeks out and procures criminal case information with the intention of including it in the consumer reports it sells for profit.

26. Defendant knows or has reason to know the effect of a consumer's criminal record on the assessment of their employability.

5

Case 1:23-cv-00056   Document 1   Filed 03/06/23   Page 5 of 12

27. Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

28. Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy.

29. Defendant, a sophisticated employment screening consumer reporting agency, is aware that criminal information is often inaccurate or incomplete.

30. Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile criminal data from various online sources without verifying its accuracy with actual court records.

31. Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

32. Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

33. Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

34. Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate criminal records.

35. Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

36. Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

37. Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

38. Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

39. It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

40. Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

41. Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

42. Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

43. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

44. Defendant knows that its services are used to make significant consumer decisions.

45. Upon information and belief, Defendant know or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

46. Upon information and belief, Defendant knew or should have known the negative impact that reporting a consumer's inaccurate criminal record was likely to have on that consumer's employment status.

47. Upon information and belief, Defendant purchases public record information from third-party vendors.

48. Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

49. Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

50. Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

51. Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

52. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

53. As a direct result of Defendant's conduct, Plaintiff was delayed in her employment with Daland.

54. As a direct result of Defendant's conduct, Plaintiff lost out on income from Daland for several weeks.

55. Consequently, Plaintiff wasted her time including time spent contacting Daland to attempt to rehabilitate her reputation.

56. As a further direct result of Defendant's conduct, Plaintiff suffered mental distress caused by these false accusations, including humiliation, embarrassment, lost income, and frustration.

57. As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job delay, loss of income, wasted time, financial insecurity, defamation and emotional distress, including but not limited to, humiliation, embarrassment, stress, and frustration.

58. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

59. Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

60. In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681e

61. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

62. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

63. BCC violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

64. Specifically, BCC willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting a different person's disparaging criminal history on Plaintiff's consumer background report.

65. BCC's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

66. BCC is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

67. As a result of BCC's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages as described herein and is entitled to recover statutory, actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 6, 2023

/s/ Rashad Blossom
Rashad Blossom (State Bar No. 45621) Blossom Law PLLC
301 S. McDowell, Suite 1103
Charlotte, NC 28204
Telephone: (704) 256-7766
Facsimile: (704) 486-5952
rblossom@blossomlaw.com

Yitzchak Zelman, Esq.*
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282

Facsimile: (732) 298-6256
yzelman@marcuszelman.com

*Application for admission pro hac vice
or Notice of Special Appearance forthcoming*